# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TAYR KILAAB AL GHASHIYAH,**
  **Plaintiff,**

  v.            Case No. 04-C-0176

**WISCONSIN DEPARTMENT OF CORRECTIONS,**
**MATTHEW J. FRANK,**
**GARY R. McCAUGHTRY,**
**SUSAN WALLINTIN,**
**DANIEL BERTRAND,**
**and LIZ LEMERY,**
  **Defendants.**

## DECISION AND ORDER

Plaintiff, Tayr Kilaab al Ghashiyah, a state prisoner at all times relevant, filed this pro se civil rights complaint under 42 U.S.C. § 1983. Before me are plaintiff's motion for costs and plaintiff's motion for reconsideration.

## I. PLAINTIFF'S MOTION FOR COSTS

On April 16, 2007, plaintiff asked the court to award him costs under Federal Rule of Civil Procedure 58. Specifically, he wishes to be compensated for the expenses he incurred in bringing this action, including: (1) $250.00 for filing fees; (2) $40.00 for service by the U.S. Marshals; and (3) $456.56 in photocopying and postage fees.[1] As a preliminary matter, Rule 58 does not provide for an award of costs. Rather, Federal Rule of Civil Procedure 54(d)(1) discusses when costs may be imposed. Therefore, I will construe plaintiff's motion as arising under this provision.

---

[1] The court notes that the filing fee was $150.00 when plaintiff filed his complaint on February 23, 2004. (See Docket # 3).

Rule 54(d)(1) provides, "[u]nless a federal statue, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." The term "prevailing party" has been defined as a party in whose favor a judgment is rendered. Buckhannon Bd. & Care Home v. W, Va Dep't of Health and Human Res., 532 U.S. 598, 603 (2001)(internal citations omitted). To this extent, "a plaintiff prevails when actual relief on the merits of the claim...materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Johnson v. Daley, 339 F.3d 582, 609 (7th Cir. 2003)(Rovner, J., dissenting)(citing Buckhannon Bd. & Care Home, 532 U.S. at 604)).

In the present case, plaintiff and defendants filed cross-motions for summary judgment on plaintiff's equal protection claims. By order dated March 30, 2007, I granted defendants' motion and denied plaintiff's motion. On that date, I declined to dismiss the action because the parties neglected to address plaintiff's claims for injunctive relief.

However, the mandate portion of the March 30, 2007, erroneously stated that defendants' motion for summary judgment is granted in part and denied in part and plaintiff's motion for summary judgment is granted in part and denied in part. Because this is incorrect, and plaintiff is not a prevailing party for purposes of Rule 54(d)(1), his motion for costs will be denied. The parties are advised that the March 30, 2007, order will be amended accordingly.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff has filed a motion for reconsideration of the March 30, 2007, order granting defendants' motion for summary judgment on his second equal protection claim concerning access to embossed envelopes. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246,

251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In the March 30, 2007, decision and order, I granted that defendants' motion for summary judgment on plaintiff's second equal protection claim because defendants demonstrated that they were entitled to qualified immunity. In addressing defendants' assertion that their actions did not violate a clearly established constitutional right of which a reasonable person would have known, I noted that plaintiff did not point to any closely analogous cases demonstrating that his equal protection right was clearly established.

Now, plaintiff argues: (1) he does not need to point to a case identical to his own to show that defendants are not entitled to qualified immunity; and (2) several cases support his claim that it was clearly established that defendants' actions violated his equal protection rights. I will address plaintiff's arguments in turn.

"Qualified immunity protects government officials from civil liability when performing discretionary functions so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To overcome a defense of qualified immunity, plaintiff must first allege a deprivation of an actual constitutional right, and second, show that the right

was clearly established at the time of the alleged violation. Alvarado v. Litscher, 267 F.3d 648, 652 (7th Cir. )(citing Wilson v. Layne, 526 U.S. 603, 609 1999)). To invoke a clearly established right, the right must be "particularized" so that "the contours of the right" are clear enough that a reasonable official would understand that his actions violate such right. Id.

With respect to plaintiff's first argument, he is correct that he is not required to point to a case identical to his own to show that the right was clearly established. See Donovan v. City of Milwaukee, 17 F.3d 944 951-52 (7th Cir. 1994)("plaintiffs need not direct courts to cases 'on all fours' with the case at bar."). However, he must show that, "'in light of pre-existing law,' a reasonable defendant would have known that his actions were unlawful." Alvarado, 267 F.3d at 652; see also Donovan, 17 F.3d 944 951-52 (7th Cir. 1994)("[t]he plaintiff bears the burden of establishing a clearly established constitutional right."). In the present case, plaintiff has satisfied the threshold requirement by alleging that defendants' policy of requiring inmates in segregation to purchase embossed envelopes from the canteen, while allowing inmates in the general population to obtain such items from the canteen or post office, is a violation of his equal protection rights.

However, he has not provided the court with any legal authority showing that this right was clearly established when the alleged wrongdoing occurred. In support of his argument that defendants are not entitled to qualified immunity, plaintiff points to Procunier v. Martinez, 416 U.S. 396, 413-14 (1974), Brown v. Hartness, 485 F.2d 238 (8th Cir. 1973) and Morgan v. Lavallee, 526 F.2d 221 (2d Cir. 1975). These decisions concern potential First Amendment violations and not equal protection claims. And, in none of the above-mentioned cases does the inmate allege that he was denied embossed envelopes. For these reasons, I am not persuaded that plaintiff's equal protection right was clearly established so that defendants

knew or should have known that their actions violated the constitution. Accordingly, plaintiff's motion for reconsideration will be denied.

As a final matter, I note that plaintiff's requests for injunctive relief have been fully briefed and are ready for resolution. The parties are advised that an order resolving these requests is forthcoming.

### III. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for costs (Docket #91) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (Docket #99) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2007.

                                      s/Lynn Adelman
                                      LYNN ADELMAN
                                      District Judge